THIS was a prosecution against Vaughan, for fail, ing and refusing to enter a billiard table with the commissioner of the tax for the year 1820. From a bill of exception taken by Vaughan to the decision of the county court, it appears that, on the 29th of August 1820, he purchased the billiard table, in partnership with James Ewing, the same being up and in use; that shortly thereafter, he purchased Ewing’s interest, and continued the table up. and suffered it to be played on, in the usual way, until about the first of .March 1821, when he sold it. The county court adjudged him guilty of failing to list the billiard table agreeably to law, and that he should pay a fine of five dollars, and the sum of six hundred dollars, the amount of treble tax on the table; and from that judgment Vaughan has appealed to this court.
We are of opinion that the evidence did not warrant the judgment of the county court. The act of assembly which imposes the tax upon a billiard table, which is kept up and used for the purpose of playing thereon at one time within the year, prescribed no time or mode in which it should be enlisted or entered for taxation, and ot course inflicted no penalty for failing to enlist it. Nor are we aware of any other act of the Ie. gislature, which has done so, where the person charged wi(h the tax was not in possession, or did not own the table on the 10th of March, of the year for which he is charged. If there were any regulations to that effect, we should naturally expect to find them in the general law in relation to the mode of taking in the lists of taxable properly. The act upon this subject, in force at the time of the transaction in question in this case, was approved the 2d of February 1819.
2. 13ut that act only requires a list of every species of property subject to taxation, belonging to, or in the possession or care of the person giving it in, on the 10thof March next preceding; and it only inflicts a penalty for failing or refusing to give in such list, or ibr having given it in falseiy or fraudulently, and imposes no.peiulty for failing or refusing to give in a list of property chargeable with a tax, which was not in the possession or care, or did not belong to the person chargeable therewith, on the preceding 10th of March. As, then, the evidence showed in this case that Vaughan was not in the possession of the billiard table, and it *387 did not belong to him, nor was in his care on the 10th of March 1820, he could not have been guilty of a failure to give it in to the commissioner for that year, and of course was not subject to a fine or treble tax for such failure.
Bat as it was up and used part of the year 1820, he was liable for the tax of that year.
3. He was, however, clearly liable to the tax on the table; and as he was before the court, we apprehend the court might and ought, under the 10th and 15th sections of the before mentioned act, have caused the table to be entered for taxation, and to be certified to the sheriff of the county and the auditor of public accounts.
The judgment must be reversed, and the cause be remanded to the county court.